1 | ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
2 | S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
3 | Los Angeles, California 90004
Telephone: 323.465.3100
4 | Facsimile: 323.465.3177

5 | Attorneys for Plaintiff Rube B. Hoffman Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| RUBE P. HOFFMAN CO., a California corporation, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SKATE HAMPTON, LLC D/B/A WAMPUM, a New York limited liability company; and DOES 1-5, inclusive, | |
| Defendant. | |

Plaintiff Rube P. Hoffman Co. ("Hoffman" or "Plaintiff") hereby complains against Defendant Skate Hampton LLC, D/B/A Wampum ("Wampum" or "Defendant"), as follows.



1   COMPLAINT

## SUMMARY OF THE CASE

1. Hoffman is a family-owned business with an illustrious history in the garment design and manufacturing industry. Originally founded in the early 1900's by Rube P. Hoffman, the company's early business focused on the sale of bolts of fabric, primarily wool. During his enlistment in the Korean War, Rube's son Walter Hoffman spent time in Hawaii where he fell in love with the Hawaiian culture, landscape, and artwork. Upon his discharge, Walter returned to the mainland to take over the family business. Inspired by his love for all things Hawaiian, Walter set forth to transforming the company's business into a designer and producer of Hawaiian prints and fabrics. Today, the company is run by Walter's son Tony Hoffman, the third-generation Hoffman to become president of the company.

2. Hoffman's designs are known far and wide as among the finest in apparel—in fact, the Hoffman name has become nearly synonymous with Hawaiian prints. In a 1999 article, the Los Angeles Times noted that "apparel makers Walter and Phillip Hoffman… helped transform surfing into a multi-billion lifestyle industry." In another LA Times article from 1995, surf historian Allan Seymour calls Walter Hoffman "one of the true founders of the surf industry." More recently, Hoffman was the subject of a cover story in Italian Vogue, detailing the history of the company, and the worldwide appeal of its original designs.

3. Defendant Skate Hampton LLC, like Hoffman, is a family owned company—run by brothers Marley and Lennon Ficalora—that produces apparel marketed to the youth surf/skate industry under the brand name Wampum. Among the items Defendant produces and sells under the Wampum brand are hats, t-shirts, and wallets featuring a reproduction of a copyrighted flamingo print designed and produced by Hoffman. Wampum's reproduction of this flamingo print is unauthorized, and constitutes infringement of Hoffman's copyright.

4. Wampum has offered goods featuring the unauthorized reproduction of Hoffman's print in California. For example, on or about July 8, 2015, Wampum was an exhibitor at Agenda—an apparel tradeshow focused on the youth surf/skate industry—in Long Beach California, where they marketed the infringing goods (including hats, and wallets) to retailers—and even decorated their *booth* with unauthorized reproductions of Hoffman's flamingo print.

5. Wampum's unauthorized use of Hoffman's flamingo print was not limited to the 2015 Agenda show in Long Beach. The same infringing goods were offered for sale on Wampum's webstore, and extensively marketed through Wampum's social media (including Twitter and Instagram—including a post identifying Hoffman's print as "our #flamingo pattern"); and Wampum decorated its booths and marketing materials with reproductions of Hoffman's flamingo print at numerous other surf/skate apparel tradeshows.

6. While attending the January 2017 Agenda tradeshow in Long Beach, California, Aaron Hoffman—Tony Hoffman's son—first discovered Wampum's infringing use of the flamingo print.

## JURISDICTION AND VENUE

7. Plaintiff brings this action for copyright infringement (17 U.S.C. Section 101, et seq.); unfair competition under California law; and negligence.

8. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a)("supplemental jurisdiction") in that they are so related to the federal law1 intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, inter alia, the clothing in question is and was offered for sale here at tradeshows, and through Defendant's webstore.

## THE PARTIES

10. Plaintiff Rube B. Hoffman Co. is, and at all times relevant herein has been a California corporation, with its principal place of business located at 25792 Obrero Dr., Mission Viejo, CA 92691.

11. Plaintiff is informed and believes, and thereon alleges that Defendant Skate Hampton, LLC is a New York limited liability company, with its principal place of business located at 21 Cleveland Place, New York, NY 10012. Plaintiff is further informed and believes, and thereon alleges that Defendant operates the clothing brand "Wampum," and is doing business in the State of California under that fictitious business name.

12. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-5, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

13. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged, and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of each of the other Defendants.

## First Claim For Relief For Copyright Infringement

14. Plaintiffs incorporate herein by this reference paragraphs 1 through 13 as if set forth in full in this cause of action

15. At all relevant times, Plaintiff held a copyright in an original two-dimensional artwork, titled RPH15799-BBHC1023 "FLAMINGOS" (the "Flamingo Design").

16. The copyright registration for the Flamingo Design was issued on August 29, 2013 (U.S. Copyright Registration Number VA 1-875-299).

17. Prior to Defendant's acts complained of herein, Plaintiff sold fabric bearing the Flamingo Design to numerous parties in the fashion and apparel industries; and to fabric retailers, including, but not limited to, www.fabric.com.

18. Following Plaintiff's distribution of fabric bearing the Flamingo Design, Plaintiff's investigation revealed that goods with a fabric design identical or substantially similar to the

Flamingo Design were being produced and sold by Defendant under the brand name Wampum.

19. As shown in the images below, a comparison of the Flamingo Design and Wampum's goods demonstrates the substantial similarity of the designs in terms of their elements, composition, colors, arrangement, layout, and overall appearance.

**Hoffman's Flamingo Design**



**Wampum's Goods**






20.     As shown in the images below, Wampum's use of Hoffman's Flamingo Design went beyond apparel, and included dramatically enlarged reproductions of the Flamingo Design for purposes of marketing Wampum's goods at apparel industry tradeshows, and on social media:

**Wampum's Tradeshow Booth**



**Wampum's Instagram Posts**




21.     Plaintiff is informed and believes and thereon alleges that Defendant had access to the Flamingo Design including, without limitation, through access to fabric being sold in the marketplace bearing lawfully printed reproductions of the Flamingo Design.

22.     Subsequent to Plaintiff's creation of the Flamingo Design, and (on information and belief) with full knowledge of the rights of Plaintiff, Defendant infringed Plaintiff's copyright by copying the Flamingo Design and placing such copied images on Wampum apparel, and by

6     COMPLAINT

advertising, displaying, selling, and offering for sale said apparel in California, and elsewhere in the United States. All such acts were performed by Defendant without the permission, license, or consent of Plaintiffs.

23. By reason of Defendant's acts of copyright infringement as alleged herein, Plaintiff has suffered, and will continue to suffer substantial damages to its business in the form of diversion of trade, loss of profits, and a dilution in the value of Plaintiff's rights and reputation, all in amounts that are not yet ascertainable, but not less than the jurisdictional minimum of this Court.

24. By reason of Defendant's infringement of Plaintiff's copyright as alleged herein, Defendant is liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendant directly or indirectly attributable to such infringement.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded its costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendant be ordered to immediately recall and sequester inventories of the infringing products, and to supply accountings to Plaintiff's counsel;

6. That Defendant be ordered to deliver their entire inventories of infringing products to a mutually selected third party for supervised destruction;

7. That Defendant be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after service of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

8. For disgorgement of all proceeds, and restitution of all monies received by Defendant as the result of their wrongful conduct;

9. For punitive damages in an amount sufficient to deter Defendant from their wrongful conduct; and

10. Such other Damages and further relief as the Court may deem appropriate.

DATED: July 13, 2017        ERIKSON LAW GROUP

By:      /s/
         David Erikson
         Attorneys for Plaintiff Rube P. Hoffman Co.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on its claims on all issues triable by a jury.

DATED: July 13, 2017			ERIKSON LAW GROUP


By:	/s/
	David Erikson
	Attorneys for Plaintiff Rube P. Hoffman Co.